## THE SURREY.

### Dixon and others *v.* The Surrey and others.

*(District Court, S. D. New York.* February 14, 1887.)

1. CARRIERS—OF GOODS—CARGO INJURED—DAMAGES.
    The rule of damages as regards goods delivered at their destination, but injured through negligence, is the difference of their market price in their sound and in their damaged condition. If destroyed, it is their market value, if sound, at the place of discharge.
2. SAME—FOREIGN MARKETS.
    No changes in foreign value can be regarded.
3. SAME—DUTIES PAID BY CARRIERS.
    No deduction for unpaid custom-house duties should be allowed to the carrier.

In Admiralty.
*Hyland & Zabriskie,* for libelants.
*E. B. Convers,* for claimant.

BROWN, J. It is very difficult, under the peculiar circumstances attending the sale of lemons in winter, to determine what should be allowed for the lemons destroyed by frost in this case. The cases, pur-

chased by Smith at $1.75, were bought under the expectation that they were an average class of fruit, or, as he afterwards explained, second class; whereas he found them to be third class, and injured. The price that he paid was not for first-class lemons. As the lemons had been open to inspection, it is not unreasonable to suppose that they failed to bring more than $1.75, because they were very poor; that is, a third-class lemon. I have carefully read over all the testimony, and I think the 'price for lemons in cases, which are proved to be worth about 50 per cent. more than for lemons in boxes, should be increased to $2.25 per case.

The duties should not be deducted, because no judgment in this court would relieve the defendant from his obligation to pay the duties, nor charge this obligation upon the libelants.

The ship, having completed the transportation contracted for by her, is responsible, on account of her negligence, for only the market value of the lemons at the port of discharge. That rule furnishes complete indemnity, because the payment of that sum enables the owner presumptively to procure similar goods at the time and place of discharge. That rule, therefore, secures *restitutio in integrum*. One hundred dollars will therefore be added to the principal allowed by the commissioner making in all $340.75, with interest from January 26, 1885.

In other respects the report is confirmed.